UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ZACHARY C. ENYART,

    Plaintiff,

v.

VALOR INTELLIGENT PROCESSING, LLC,

    Defendant.
_____/

Case No. 3:24-cv-00264-MMH-LLL

DEMAND FOR A JURY TRIAL

# FIRST AMENDED COMPLAINT

Plaintiff ZACHARY C. ENYART ("Plaintiff"), by and through the undersigned, complains as to the conduct of VALOR INTELLIGENT PROCESSING, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant is located, conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and at all times relevant, resided in Hiram, Georgia.

5. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Georgia. Defendant is a limited liability company organized and existing under the laws of Delaware with its principal place of business located at 1750 Wells Road, Orange Park, Florida 32073.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a purported consumer debt ("subject consumer debt").

8. Upon information and belief, after the subject consumer debt was purportedly in default, it was placed with Defendant for collection purposes.

9. In approximately February 2024, Plaintiff began receiving calls to his cellular phone number (404) XXX-0129, from Defendant, seeking collection of the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -0129. Plaintiff is, and always has been, financially responsible for the phone and its services.

11. Defendant has primarily used the phone numbers (762) 224-1617, (762) 224-0321 and (762) 224-1244 when placing collection calls to Plaintiff's phones, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activity.

13. Upon speaking with one of Defendant's representatives, Plaintiff requested that the representative explain their business with him.

14. Defendant's representative refused to provide that information unless Plaintiff verified his identity, thus Plaintiff demanded that Defendant stop calling him.

15. Despite such, Defendant ignored Plaintiff's requests, instead persisting in calling Plaintiff with harassing and repeated phone calls.

16. Plaintiff has repeatedly demanded that Defendant stop calling him but, despite Plaintiff's efforts, Defendant continued to place subsequent calls, seeking payment for the subject consumer debt.

17. Defendant systematically varies the phone numbers it calls from in order to coerce Plaintiff into answering such and making payment on the subject consumer debt.

18. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that he did not want Defendant calling him again.

19. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692D

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

26. The subject consumer debts are "debts" as defined by FDCPA § 1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior

communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

29. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Defendant violated § 1692d through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

WHEREFORE, Plaintiff, ZACHARY C. ENYART, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692D(5)

31. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

33. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

35. The subject consumer debts are "debts" as defined by FDCPA § 1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

36. 15 U.S.C. § 1692d(5) prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

38. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

39. Defendant violated § 1692d(5) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

WHEREFORE, Plaintiff, ZACHARY C. ENYART, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692F

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

WHEREFORE, Plaintiff, ZACHARY C. ENYART, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 21, 2024                                Respectfully Submitted,

*/s/Alexander J. Taylor*
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone:(630) 575-8181 Ext. 180
Fax: (630) 575-8188
ataylor@sulaimanlaw.com

11